[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2007
THOMAS K. KAHN
CLERK

----------------------------------------

No. 06-14690
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00704-CV-T-23-EAJ

MCDANIEL DRAYTON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Middle District of Florida
----------------------------------------------------------------

**(October 4, 2007)**

Before EDMONDSON, Chief Judge, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Florida state prisoner McDaniel Drayton, proceeding pro se, appeals the district court's denial of habeas relief sought pursuant to 28 U.S.C. § 2254. We vacate without prejudice and remand for further proceedings.

Drayton was convicted of felonious possession of a weapon and sentenced to twenty years' imprisonment as a habitual offender. In his section 2254 petition, Drayton challenged both his conviction and sentence. About the conviction, the district court determined that Drayton stated no federal claim. About the sentence, the district court concluded that Drayton failed to establish that his counsel performed ineffectively when counsel failed to object to the constitutionality of the statute used to classify him as a habitual offender. The district court denied Drayton a certificate of appeal ("COA"). We granted Drayton a COA on a single issue: whether the district court erred under Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir. 1992), in neglecting to address Drayton's claim that trial counsel was ineffective for failing to object to career-offender sentencing when no evidence of Drayton's predicate offenses was presented by the prosecution.[1]

In Clisby, we exercised our supervisory authority to direct district courts to resolve all constitutional claims presented in a section 2254 petition without

---

[1] According to Drayton, to support habitual-offender sentencing, the prosecution was required statutorily to provide evidence of Drayton's prior convictions and dates of imprisonment.

regard to whether habeas relief ultimately is granted or denied.  Id.  When a district court fails to address all constitutional claims presented in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims."  Id. at 938.

In his appellate brief, Drayton argues at some length the merits of his underlying claim of ineffectiveness; he also makes reference -- albeit scant -- to the Clisby issue.  Construing Drayton's pro se brief liberally, we reject the state's contention that Drayton waived the Clisby issue on appeal.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

The state makes no argument that the district court addressed the ineffective assistance of counsel claim as it pertained to counsel's failure to object based on the absence of evidence supporting the predicate offenses underlying the habitual-offender sentencing.  Instead, the state advances a panoply of arguments that Drayton waived this ineffective assistance of counsel claim in the district court: (i) this claim was raised in Drayton's supporting habeas memorandum but no mention was made of it in the section 2254 petition; (ii) Drayton failed to alert the district court to the fact that a claim existed that was not laid out in the section 2254

3

petition; (iii) Drayton failed to notify timely the district court that all claims had not been addressed; and (iv) Drayton filed no timely postjudgment motion calling the omitted claim to the district court's attention. Again, construing Drayton's habeas petition and supporting memorandum liberally, see Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998) (applying liberal construction to ineffective assistance of counsel claims in pro se habeas petition), we conclude that Drayton raised adequately the constitutional ineffectiveness claim connected to counsel's handling of the predicate offense issue. The state argues that Drayton failed to take additional measures -- both before and after the denial of his habeas petition -- to ensure the district court's awareness of this claim; we are cited to no law that imposes on pro se litigants the confirmatory obligation suggested by the state.

Although the state advances other defenses to the district court judgment, it relies on waiver; the state disclaims expressly seeking application of the harmless error doctrine to find the Clisby procedural point harmless. Because the district court's order violated Clisby when it failed to consider all of Drayton's pending constitutional claims, we must vacate without prejudice and remand for further proceedings consistent with this opinion.

**VACATED and REMANDED.**

4